David Mitchell STEADING,
Plaintiff–Appellant,

v.

James R. THOMPSON, et al.,
Defendants–Appellees.

No. 90–2588.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 6, 1991.

Decided Aug. 19, 1991.

David M. Steading, pro se.

Dan Softcheck, Asst. Atty. Gen., Robert G. Toews, Aaron T. Shepley, Lenard C. Swanson, Brian W. Lewis, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants-appellees.

Before WOOD, Jr., EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

David Steading, a prisoner of Illinois, objects to the tobacco smoke he encounters in captivity. The asthmatic Steading cannot escape the smoke the guards and his fellow prisoners produce. He filed this action under 42 U.S.C. § 1983 against the Governor and officials of the Department of Corrections, seeking both damages and prospective relief on the ground that the presence of smoke in the air is cruel and unusual punishment, offending the eighth amendment (as applied to the states by the fourteenth). He also named Brown & Williamson Tobacco Corp., whose loose tobacco (under the brand names Bugler and Kite) is sold to Illinois, which resells it in prison commissaries so that prisoners may roll their own cigarettes. The district judge terminated the case on the pleadings under Fed.R.Civ.P. 12(b)(6), holding that Brown & Williamson did not act under color of state law and that even if ambient tobacco smoke is harmful Steading could not possibly establish that the defendants possessed the mental state necessary to show that exposure to smoke is a form of "punishment".

Since filing his complaint Steading has been transferred from the Sheridan Correctional Center to the Danville Correctional Center. That transfer does not affect Steading's request for damages, and the defendants do not argue that it affects his request for equitable relief either. So far as we are aware, no prison in Illinois is smoke-free (or even has large portions set aside for non-smokers), so Steading retains an interest adverse to the defendants. At all events, unless Steading has some chance of prevailing on his legal claims, it is unnecessary to decide whether the equitable claims should be carved off. We start, then, with Steading's demand for damages.

█ Judgment in favor of Brown & Williamson is clearly correct. A private firm does not become a state actor by selling its products to the government.

*Rendell–Baker v. Kohn,* 457 U.S. 830, 840–41, 102 S.Ct. 2764, 2770–71, 73 L.Ed.2d 418 (1982). Judgment in favor of the other defendants is more problematic. Although two courts of appeals have held or implied that exposure to tobacco smoke does not violate the eighth amendment, *Wilson v. Lynaugh,* 878 F.2d 846, 851 (5th Cir.1989); *Caldwell v. Quinlan,* 729 F.Supp. 4 (D.D.C.), affirmed without opinion, 923 F.2d 200 (D.C.Cir.1990), two others have ordered district courts to hold trials to determine the effects of cigarette smoke. *McKinney v. Anderson,* 924 F.2d 1500 (9th Cir.1991); *Clemmons v. Bohannon,* 918 F.2d 858 (10th Cir.), rehearing in banc granted, 918 F.2d 858 (1990). Developments since the Ninth and Tenth Circuits issued their opinions enable us to break this tie in favor of the district court's disposition.

Both *McKinney* and *Clemmons* depend on the proposition that prison conditions may violate the eighth amendment even though the prisoner cannot establish that anyone devised those conditions (or permitted them to persist) in order to inflict punishment. The Tenth Circuit wrote that "the state is under a constitutional mandate to take reasonable steps to provide a safe and sanitary environment for those incarcerated.... The relevant question in this case, therefore, is whether long-term exposure to ETS [environmental tobacco smoke] poses an unreasonable risk of harm to an inmate's health." 918 F.2d at 863, 865. It remanded for a trial at which a jury would determine whether the risks created by smoking are "unreasonable". That inquiry is, depending on your view of products liability law, either a negligence standard or one of strict liability under § 402A of the *Restatement (2d) of Torts.* *McKinney* approached the problem from the same perspective but omitted the Tenth Circuit's explanation of the standards it was using.

█ *Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), holds that neither negligence nor strict liability is the appropriate inquiry in prison-conditions cases. *Wilson* explains that

prisoners who contest the conditions of their confinement under the eighth amendment must establish that their custodians either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects. The eighth amendment is concerned with "punishment", and the Court held in *Wilson* that showing a culpable mental state is essential in establishing that conditions of confinement are part of the "punishment".

This approach establishes a hurdle Steading cannot surmount. Secondary tobacco smoke is common in offices, restaurants, and other public places throughout the United States and the rest of the world. No one supposes that restaurateurs who allow smoking are subjecting their other patrons to "punishment", or desire to harm them. The guards and administrators who breathe smoky air in the prison are not punishing themselves. No one would suppose, either, that the gentlemen tobacco farmers who wrote and adopted the eighth amendment could have conceived of smoke as punishment. Evidence since 1791 presents tobacco in a different light, but debate persists about how severe the effects of secondary smoke may be. Evidence shows that there *are* such effects. Department of Health and Human Services, *Reducing the Health Consequences of Smoking: 25 Years of Progress, A Report of the Surgeon General* (1989); National Research Council, *Environmental Tobacco Smoke: Measuring Exposures and Assessing Health Effects* (1986). But the effects differ with the nature of the environment (particularly with the effectiveness of ventilation), and are at all events considerably smaller than the effects experienced by the smokers themselves.

■ In deciding whether to allow smoking in prison, public officials properly consider both the effects of smoke on non-smokers and the effects of a ban on those who desire this Faustian pleasure. Wardens who resolve the conflict in favor of the inmates who want to smoke could not plausibly be accused of reaching this decision because they hope the smoke will injure other prisoners. Steading makes no such charge. Public officials who act *in spite* of an unwelcome consequence of a decision do not "intend" that consequence for constitutional purposes. See *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979); *Hernandez v. New York*, —— U.S. ——, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991). And if they do not intend Steading's discomfiture they have not punished him, and so do not violate the cruel and unusual punishments clause as *Wilson* interprets that amendment. See also *Clemmons*, 918 F.2d at 871 (Tacha, J., dissenting).

■ None of this is to deny what the Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976): that prison officials may not disregard a prisoner's serious medical needs and thereby inflict as "punishment" the pain and preventable consequences of the condition. Medical consequences of tobacco smoke do not differ from other medical problems. Prisoners allergic to the components of tobacco smoke, or who can attribute their serious medical conditions to smoke, are entitled to appropriate medical treatment, which may include removal from places where smoke hovers. We do not understand Steading to argue, however, that the defendants have ignored his respiratory problems or provided treatment that is (constitutionally) deficient. By initiating this case as a class action on behalf of all inmates, Steading made it clear that he wants to eliminate tobacco from prisons of Illinois (or at least require the establishment of non-smoking buildings). That request fails under *Wilson*.

AFFIRMED