978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Victor T. STEELE, Plaintiff-Appellant,
v.
Clarence E. TRIGG, et al., Defendants-Appellees.
 No. 91-1941.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Nov. 3, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Victor Steele, a prisoner incarcerated at the Indiana Youth Center ("IYC"), appeals pro se from the district court's denial of his request to proceed in forma pauperis and from its dismissal of his complaint with prejudice. We affirm.
 
 I.
 
 2
 Steele alleges that the conditions of his confinement violated federal civil rights guaranteed by 42 U.S.C. § 1983 and the United States Constitution. He seeks injunctive relief in the form of a non-smoking living facility, a decrease in the prison population at IYC, and better medical facilities. In addition, Steele requests $1 million in damages.
 
 
 3
 He claims that the defendant prison administrators violated his Eighth Amendment right to be free from cruel and unusual punishment in three respects: by failing to provide a "safe environment" in prison (and by neglecting to remedy the present situation at IYC), by denying Steele what he states is needed psychiatric treatment, and by refusing to furnish necessary medical treatment. With respect to the first ground, Steele critiques numerous aspects of the accommodations. He is particularly troubled by the absence of a smoke-free atmosphere. Steele does not elaborate on his need for psychiatric treatment. His third claim concerns both the prison staff's inability to provide a hard bed for what he claims is a documented spinal condition and the difficulty he encountered attempting to schedule an appointment with an orthopedist.
 
 II.
 
 4
 Courts must construe pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972). Even so, a district court judge may dismiss frivolous IFP claims sua sponte if the pro se litigant fails to formulate any rational argument in law or fact entitling him to relief. 28 U.S.C. § 1915(d); Neitzke v. Williams, 490 U.S. 319 (1989). This court will reverse a dismissal pursuant to § 1915(d) only if the district court has abused its discretion. Denton v. Hernandez, 1992 WL 86565 (U.S. May 4, 1992).
 
 
 5
 In order to succeed on a claim under § 1983, a plaintiff not only must allege the violation of a right secured by the Constitution or laws of the United States, but also must show that the conduct complained of was committed by a person acting under color of state law. Baker v. McCollan, 443 U.S. 137, 140 (1979); Coleman v. Frantz, 754 F.2d 719 (7th Cir.1985). The Eighth Amendment, as applied to the states through the Fourteenth, forbids the state or its agents from inflicting on prisoners cruel and unusual punishment. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). Conditions of confinement must satisfy the Eighth Amendment, Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986), which takes its meaning from "the evolving standards of decency that mark the progress of a maturing society." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). But conditions do not encroach upon the constitutional rights of inmates if they are merely harsh or restrictive. Rhodes, 452 U.S. at 347. Prison, as we have noted, does not and should not offer inmates all the comforts of a hotel. Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988). For a claim to be cognizable under the Eighth Amendment, Wilson requires an inmate challenging conditions to prove that his custodians "either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects." Steading v. Thompson, 941 F.2d 498, 500 (7th Cir.1991), cert. denied, 112 S.Ct. 1206.
 
 
 6
 In essence, Steele's laundry list of complaints fails to demonstrate that prison administrators acted with a culpable mental state in establishing the conditions about which he complains. His displeasure with the administration of the prison would entitle him to relief only if conditions were to sink below minimal constitutional standards and if they were intended by the prison staff. But the totality of circumstances here does not amount to "serious deprivations of basic human needs." French v. Owens, 777 F.2d 1250, 1252 (7th Cir.1985), cert. denied, 479 U.S. 817 (1986) (citations omitted). Moreover, nothing in the complaint suggests that prison staff intended to cause Steele discomfiture. Consequently, Steele did not suffer an infringement of his Eighth Amendment rights. See Steading, 941 F.2d at 500. It is therefore unnecessary to consider for purposes of § 1983 whether the conduct about which Steele complains occurred under color of state law.
 
 
 7
 Steele's claim regarding second-hand smoke merits discussion. In Steading, we held that mere exposure to second-hand smoke does not violate the Eighth Amendment because smoke itself is not punishment. Id., 941 F.2d at 500. Nevertheless, a prisoner who either is allergic to ETS or can establish that second-hand smoke exacerbates a previously diagnosed, serious health condition, may be entitled to appropriate medical attention, including transfer out of a smoke-filled area. Id. See also McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir.1992), aff'g 924 F.2d 1500, 1503-04 (1991); Clemmons v. Bohannon, 956 F.2d 1523, 1528 (10th Cir.1992) (en banc); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir.), cert. denied, 493 U.S. 969 (1989). Entitlement to transfer or actual relocation does not, of course, indicate that an Eighth Amendment violation has taken place. But the circuits are split on the question whether a prisoner's involuntary exposure to environmental tobacco smoke ("ETS") amounts to cruel and unusual punishment, and the Supreme Court granted certiorari earlier this year to address the issue.[1]
 
 
 8
 Steele's complaint contains no allegation of an existing, serious medical condition becoming aggravated through exposure to second-hand smoke. Nor do we view the reactions of which he complains to be symptoms of an allergy, at least not in the technical sense of the word. General allegations of physical discomfort do not generate an actionable claim under the Eighth Amendment. Despite the lay definition of "allergy", Steading speaks of "allergy" in its technical usage--that is, as a particular medical condition. Steele's complaint does not sufficiently demonstrate an allergic reaction to ETS. Without more he is not entitled to be transferred into a smoke-free zone at IYC. And even if Steele's displeasure with the quality of air in the prison environment were in fact the result of an allergic reaction, he still would find himself shy of a constitutional claim. Under Wilson, cruel and unusual punishment occurs only when public officials intend an inmate's discomfiture. Cf. Steading, 941 F.2d at 500. If indeed Steele had a legitimate respiratory condition that the prison staff had deliberately ignored or attended to deficiently, Steading would save the second-hand smoke claim from dismissal along with the other frivolous claims. But that is an "if" upon and "if", which is not the case here.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Compare McKinney v. Anderson, 959 F.2d 853 (9th Cir.1992) (cruel and unusual punishment to house an inmate where high levels of second-hand smoke unreasonably endangers health and safety), cert. granted sub nom. Helling v. McKinney, 112 S.Ct. 3024 (1992), with Clemmons v. Bohannon, 956 F.2d 1523, 1527 (10th Cir.1992) (en banc) (potentially harmful effects of ETS differ in kind from other health risks that violate Eighth Amendment), and Wilson v. Lynaugh, 878 F.2d 846, 852 (5th Cir.1989) (absent significant change in legal conditions, claim based on involuntary exposure to ETS does not violate Eighth Amendment), cert. denied, 493 U.S. 969 (1989), and Hunt v. Reynolds, 974 F.2d 734 (6th Cir.1992) (Eighth Amendment's objective component is violated by forcing a prisoner with a documented, serious medical condition requiring a smoke-free environment to live with an inmate who smokes). In a recent case the Eighth Circuit declined to decide the issue. Murphy v. Dowd, 975 F.2d 435, (8th Cir.1992) (affirming district court's granting of summary judgment on qualified immunity grounds)