**Rudolph LUCIEN, Plaintiff,**

v.

**Salvador GODINEZ, Defendant.**

No. 93 C 729.

United States District Court,
N.D. Illinois, E.D.

Feb. 22, 1993.

---

Rudolph Lucien, pro se.

No appearance filed for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Rudolph Lucien ("Lucien"), currently confined to Stateville Correctional Center ("Stateville"), has tendered a self-prepared Complaint under 42 U.S.C. § 1983 ("Section 1983") in which he seeks to sue Stateville's Warden Salvador Godinez for allegedly maintaining a policy of denying medical services to Stateville inmates during prison lockdowns. Based on its initial review of the Complaint to see whether Lucien should be permitted to sue without payment of the filing fee, this Court denies leave to Lucien to proceed in forma pauperis and therefore dismisses the Complaint without prejudice.

■ Lucien claims that on October 19, 1992 he complained to a prison medical technician ("med tech") of severe pain in his left knee and left jaw. Although the med tech scheduled Lucien for an October 23 appointment with a physician, when that date arrived a prison staff person told Lucien that the prison had just been put on lockdown. On October 28 Lucien filed a grievance with his counselor, who arranged a second doctor's appointment for October 30. But on that date Lucien was again denied a visit with the doctor because Stateville was still on lockdown. According to a grievance officer's report attached as an exhibit to Lucien's Complaint, Lucien saw the doctor on November 6.[1]

---

1. In his denial of Lucien's grievance, the grievance officer says in part that "[i]t is the opinion after a review of inmate's medical records that the actions of the Medical Unit is [sic] appropriate." One glaring gap in Lucien's current presentation is that he fails to set out what his complaints turned out to show as to the actual seriousness of his problem in medical terms. Because the constitutional predicate for any such claim must be grounded in the Eighth Amendment's proscription against "cruel and unusual punishment," a claim of constitutional depriva-

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" in violation of the Constitution (*Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). In some circumstances, delay rather than outright denial of needed medical treatment may amount to a constitutional violation (see *Benson v. Cady*, 761 F.2d 335, 340–41 (7th Cir.1985); *Duncan v. Duckworth*, 644 F.2d 653, 654 (7th Cir. 1981)). But just as with an actual denial of treatment, delay too must be caused by the defendant's deliberate indifference if it is to rise to the level of a constitutional violation (*Estelle*, 429 U.S. at 104–05, 97 S.Ct. at 291–92).

Proof of such deliberate indifference involves a showing that a defendant either intended to harm plaintiff or knew of a risk of harm so significant that an intent to harm could be inferred from a refusal to provide medical care (see *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 759 (7th Cir. 1988)). Even with the required generous reading of Lucien's Complaint (*Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam)), it cannot reasonably be inferred that Warden Godinez knew about Lucien's scheduled medical appointments and either deliberately scheduled the lockdowns in order to prolong Lucien's pain or simply did not care about Lucien's dilemma. In other words, the delay in medical treatment seems to be an unintended consequence of the prison lockdown policy. Albeit stated in a different context (a ruling that prison officials did not violate the Constitution by failing to provide a smoke-free environment for prisoners who did not wish to be exposed to second-hand smoke), *Steading v. Thompson*, 941 F.2d 498, 500 (7th Cir.1991) teaches that "[p]ublic officials who act *in spite* of an unwelcome conse-

quence of a decision do not 'intend' that consequence for constitutional purposes."

But Lucien does not claim that Warden Godinez intended to harm Lucien personally. Instead, Lucien challenges the prison policy of denying professional medical treatment to all inmates, except those with life-threatening conditions, during prison lockdowns. *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir.1983) has quoted *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980) for the proposition that deliberate indifference to medical needs can be demonstrated by "proving there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." Among the systemic deficiencies demonstrated in *Wellman*, 715 F.2d at 272–74 were that (1) two of the three prison doctors did not speak English, (2) the staff psychiatrist position had been unfilled for over two years and (3) there were long-term shortages in stocking necessary medical supplies. In light of those gross deficiencies and numerous delays in medical treatment, *Wellman, id.* at 274 found that the plaintiffs had demonstrated deliberate indifference.

Here Lucien has targeted only Warden Godinez. Because Section 1983 liability may be based only on a defendant's personal involvement in the claimed constitutional violation, and not on vicarious responsibility grounded in respondeat superior doctrine (*Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978) and its many progeny), the sole focus of inquiry here must be on Stateville's policy—not simply on the application of that policy to Lucien (which has not been and cannot be laid at Warden Godinez' doorstep).[2]

Here Stateville's policy does not begin to approach the level reflected in *Well-*

---

tion demands a showing of *serious* medical need (see *Estelle v. Gamble*, next cited and quoted in the text). It requires a real stretch of Lucien's allegations to infer that his complaints presented themselves to the Stateville staff with that level of seriousness—but this opinion will not rest on that possible deficiency, because Lucien must lose in any event.

2. This disclaimer should not be read as implying any different ruling on the issue of deliberate indifference if Lucien were to seek recourse against the personnel who actually implemented the policy in his case. Instead this opinion follows the sound rule that no court is required to opine on issues that are not presently before it.

*man*—or indeed any other deliberate indifference case that this Court has found. Prison administrators must be allowed reasonable means to maintain order and security within the institutions they manage. Hence even if a restriction might otherwise tread on the toes of a constitutional right, the infringement may be permitted for reasons of institutional security (see *Bell v. Wolfish*, 441 U.S. 520, 546–47, 99 S.Ct. 1861, 1877–78, 60 L.Ed.2d 447 (1979)). Prison lockdowns are not per se violative of the Constitution (see, e.g., *Caldwell v. Miller*, 790 F.2d 589, 604–05 (7th Cir.1986))—any violation must rather be judged in terms of the specific restraint occasioned by the lockdown.

In this instance Stateville has decided to restrict inmates' doctor's visits during lockdowns except in life-threatening situations. That stated policy demonstrates that prison officials have made some accommodations for inmates in need of medical care during lockdowns, negating any inference of deliberate indifference. As to the particular facts presented by Lucien's Complaint, the delay of a little over two weeks for treatment of a non-emergency ailment during a prison lockdown does not rise to the level of a constitutional violation.[3]

Accordingly this Court finds no arguable legal basis for the Complaint, and it denies Lucien's motion for leave to file in forma pauperis (see *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). In accordance with the procedure prescribed by *Denton v. Hernandez*, — U.S. —, — – —, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992), this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). In addition Lucien is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Lucien should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed. R.App.P. 38).

---

**3.** Even if Lucien's situation had presented a closer question, the absence of any clearly established right in the context of a policy such as Stateville's would still insulate Warden Godinez from suit on qualified immunity grounds (see

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) ("in the light of pre-existing law the unlawfulness must be apparent")).