12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin PATTERSON, Plaintiff-Appellant,
v.
Thomas P. ROTH, et al., Defendants-Appellees.
 No. 92-2038.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Kevin Patterson filed this civil rights action under 42 U.S.C. Sec. 1983 alleging that officials at Stateville Correctional Center imposed unreasonably extended lockdowns. His complaint requested injunctive relief, the formulation of rules and guidelines regarding lockdown procedures, and punitive damages.
 
 
 2
 Defendants raised five affirmative defenses including a challenge to the sufficiency of the complaint. Patterson then filed a supplemental complaint alleging additional facts. Because the complaint included an additional claim and named different defendants, it was initially docketed as a new case but later docketed as a motion to file an amended complaint.[1] The district court, citing 28 U.S.C. Sec. 1915(d), dismissed the action in its entirety for failing to state an arguable constitutional claim.[2] We construe the district court's sua sponte dismissal after the filing of responsive pleadings as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Cf. Shockley v. Jones, 823 F.2d 1068 (7th Cir.1987).
 
 
 3
 Patterson claims that he was forced to endure unreasonably extended lockdown periods without due process while other inmates were released from restrictive status to work their job assignments. Patterson has not asserted, and cannot establish, a protected liberty or property interest in avoiding confinement in his cell during lockdown. Woods v. Thieret, 903 F.2d 1080, 1082-83 (7th Cir.1990); see also Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991). He lacks any protected interest in being released to his "job assignment"--that of a student. Wallace v. Robinson, 940 F.2d 243 (7th Cir.1991) (in banc); Joihner v. McEvers, 898 F.2d 569, 573 (7th Cir.1990) (inmate has no constitutional right to be enrolled in educational program). Because Patterson's "work" is not liberty or property, he cannot claim a right to be free from "arbitrary" lockdown procedures under the equal protection clause regardless of his claim that as a student he did not likely pose a threat to institutional security. Wallace; DeTomaso v. McGinnis, 970 F.2d 211, 213-14 (7th Cir.1992). To establish that the lockdown procedures violated his right to equal protection under the Fourteenth Amendment Patterson must show that he was a victim of class-based discrimination, not merely that he was treated unfairly. Huebschen v. Dept. of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir.1983). Simply because other inmates--many of whom were allegedly members of gangs--were allowed to return to their work assignments while Patterson was not is insufficient to support a legitimate claim of invidious discrimination.
 
 
 4
 With respect to the conditions of confinement during lockdown, there is no allegation that they caused unnecessary or wanton pain, nor are the alleged deprivations sufficiently grave to implicate the Eighth Amendment. Caldwell v. Miller, 790 F.2d 589, 601 (7th Cir.1986); see Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Similarly, there is no indication that prison officials either knew that Patterson would suffer pain if denied prescribed physical therapy or deliberately scheduled the lockdowns in order to prolong the pain. See McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir.1991); Smith-Bey v. Hospital Admin., 841 F.2d 751, 759 (7th Cir.1988); see also Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). The treatment and conditions Patterson says he endured are part of the unwelcome consequences of lockdowns. See Steading v. Thompson, 941 F.2d 498, 500 (7th Cir.1991). Finally, there is no constitutional deprivation of the right of access to courts when time, place, and manner restrictions placed on access to legal facilities are justified by legitimate security considerations and when, as here, there is no alleged detriment caused by these limitations. Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992). Thus, the district court did not abuse its discretion in dismissing this claim at the complaint stage. Denton v. Hernandez, 112 S.Ct. 1728 (1992).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record