12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James THOMPSON, Plaintiff-Appellant,
v.
J. Ronald HAWS, et al., Defendants-Appellees,
 No. 91-139.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Jan. 4, 1994.
 
 Before CUMMINGS, CUDAHY and EASTERBROOKK, Circuit Judges.
 
 ORDER
 
 1
 While confined at Centralia Correctional Center, James Thompson filed a pro se complaint pursuant to 42 U.S.C. Sec. 1983 against various employees of the Illinois Department of Corrections claiming that they exposed him to environmental tobacco smoke (ETS) in violation of the Eighth Amendment. Thompson sought both injunctive relief and monetary damages. Based on this court's decision in Steading v. Thompson, 941 F.2d 498 (7th Cir.1991), cert. denied, 112 S.Ct. 1206 (1992), the district court found that the alleged failure to provide a non-smoking area was insufficient to suggest that the defendants intended any harmful effect and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 2
 After judgment was entered, the Supreme Court decided Helling v. McKinney, 113 S.Ct. 2475 (1993). In Helling, the Court held that an inmate "alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health" states a claim for relief under the Eighth Amendment. Id. at 2481. To establish liability, a plaintiff must demonstrate that he is being exposed to unreasonable risk and that it violates contemporary standards of decency for anyone to be so exposed unwillingly. Id. at 2482. Proof of an Eighth Amendment violation also requires the plaintiff to show that the defendants were deliberately indifferent to the possible harm posed by exposure to high levels of ETS. Id. In assessing whether the smoky conditions of a prisoner's confinement pose sufficiently imminent and grave harm to offend the constitution, the Court noted that the implementation and administration of a restrictive smoking policy "will bear heavily on the inquiry into deliberate indifference." In light of such action "it could be very difficult to demonstrate that prison authorities are ignoring the possible dangers posed by exposure to ETS." Id. Indeed, "[p]ublic officials who act in spite of an unwelcome consequence of a decision do not "intend" that consequence for constitutional purposes." Steading, 941 F.2d at 500.
 
 
 3
 In his complaint, Thompson asserted that the inmates and prison guards are allowed to smoke in all living areas. He complained to prison officials of experiencing health problems and of the risk of future harm due to inhaling second-hand tobacco smoke. He acknowledged, however, that he can avoid the risk of harm by remaining in his cell which he stated he often did. Moreover, a document appended to Thompson's brief on appeal--which we may consider in light of the posture of this case, see Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir.1992)--belies Thompson's claim that the defendants refused to respond to his concerns. The document discloses that Thompson's concerns were reviewed by a medical doctor, who subsequently referred Thompson for psychiatric review. While this was perhaps not the response Thompson desired, it indicates that the defendants were not ignoring his complaints. These allegations are insufficient to show that the defendants "either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects." Steading, 941 F.2d at 500; see Helling, 113 S.Ct. at 2481-82; Wilson v. Seiter, 111 S.Ct. 2321 (1991). Rather, they suggest only an unwelcome but unintended consequence of the conditions of his confinement.
 
 
 4
 The judgment of the district court, therefore, is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record