125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. VERA CRUZ, Plaintiff-Appellant,
v.
CITY OF ESCONDIDO; Vincent Jimno Chief; James Malandra #
243; Robert Benton # 152; Stephen Skuba # 224; Eric
Distel # 196; Corey Moles, Sgt.; Does 1 through 200,
inclusive, Defendants-Appellees.
 No. 95-56782.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 11, 1996.
Decided Oct. 3, 1997.
 
 Appeal from the United States District Court for the Southern District of California Napoleon A. Jones, District Judge, Presiding.
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court wasn't required to instruct the jury that Officer Distel could not defend on the grounds that he was simply following city policy. Vera Cruz claims that this instruction, which was proposed only after the jury sent out a question during deliberations, should have been given just in case the jury mistakenly believed Distel could be relieved from liability if he were following orders. But nothing in the record suggests that the jury might have labored under this mistaken belief, and our caselaw does not require that such an instruction be given. The district court also properly refused to modify the special verdict after Vera Cruz dismissed Distel because the city's liability was contingent on a finding that Distel violated Vera Cruz's constitutional rights. See Scott v. Henrich, 39 F.3d 912, 916 (9th Cir.1994).
 
 
 3
 Nor did the district court abuse its discretion in making a number of challenged evidentiary rulings. Although the district court described appellees' responses to discovery about their expert witnesses as "woefully inadequate," [AER at 172] the court properly refused to impose sanctions after finding that Vera Cruz, whose lawyer was "intimately" familiar with the experts and the substance of their testimony from other similar cases, wasn't prejudiced. See Fed.R.Civ.P. 37(c)(1); Lakeman v. Otis Elevator Co., 930 F.2d 1547, 1554 (11th Cir.1991). Likewise, the district court properly admitted evidence of hospitalization rates based on police reports. While Vera Cruz was not able to double-check these reports against actual hospital records, he suffered no harm because he was able to vigorously cross-examine the witnesses who testified based on the police reports. Finally, the district court didn't abuse its discretion in excluding the video tape as more prejudicial than probative. Moreover, Vera Cruz suffered no prejudice as he was able to admit evidence of how a police dog bites through his expert Van Ness Bogardus.
 
 
 4
 Vera Cruz's claims against Reaver and Adlerhorst International, Inc. were properly dismissed. As private entities, Reaver and Adlerhorst did not act under the color of state law. See Steading v. Thompson, 941 F.2d 498, 499 (7th Cir.1991) (private company does not become state actor by selling its products to the government). As well, the district court didn't abuse its discretion in refusing Vera Cruz leave to amend his complaint to add claims against Reaver and Adlerhorst. Vera Cruz could provide no excuse for his delay of over one year even though defendants' identities were easily ascertainable--Vera Cruz even admitted to knowing the information for six months before seeking leave to amend. [AER at 64-65] Moreover, because Vera Cruz's action against Reaver and Adlerhorst was "groundless or without foundation," they were entitled to fees under 42 U.S.C. § 1988. See Hughes v. Rowe, 449 U.S. 5, 14 (1980); see also Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3