142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dave HARRISON, Petitioner-Appellant,
v.
David W. HELMAN, Respondent-Appellee.
 No. 97-3287.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 12, 1998*.
Decided March 18, 1998.
Rehearing Denied April 6, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96-1374, Michael M. Mihm, Chief Judge.
 Before Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, and Hon. DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Dave Harrison objects to sharing a cell with a smoker. He was assigned to a non-smoking area of the prison, but one of his cellmates smoked anyway. After three days of this Harrison refused to return to his cell and was briefly assigned to segregation for disobeying a direct order. Since then he has apparently had non-smoking cellmates, but he objects to smoke that drifts in from other areas of the prison or that he encounters in common areas. He filed this action under 28 U.S.C. § 2241 seeking expungement of the notation in his records that he had been placed in segregation and an order requiring the prison to insulate him more effectively from secondhand smoke. The district court dismissed the claim.
 
 
 2
 One potential question is whether § 2241 is the appropriate vehicle. Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), the Supreme Court's only case concerning secondary tobacco smoke, was filed under 42 U.S.C. § 1983, which implies that a federal prisoner should use the analogous remedy under Bivens. Smoke may affect the conditions of confinement, but it does not affect the duration of custody, and it is custody to which the writ under § 2241 is addressed. The difference between § 2241 and Bivens is rarely important, however, unless the prisoner seeks damages, and no damages are available in this case on any view of things. The week in segregation did not deprive Harrison of liberty, see Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the prison therefore did not have to use any particular process to put him in segregation, his due process claims are untenable, and the difficult issues presented by Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when a prison disciplinary decision may not be amenable to review under 28 U.S.C. § 2241 or § 2254 therefore need not detain us. A claim for damages on substantive grounds--that exposure to secondary tobacco smoke is cruel and unusual punishment, or that assignment to segregation for refusing to enter a cell with a smoker is forbidden--could not get past an immunity defense. For no case has established either of these propositions. Helling said that the application of eighth amendment standards to tobacco smoke required a trial. Since then the constitutional status of smoke in prisons has remained unsettled, making damages inappropriate. See Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). All Harrison could hope to obtain would be prospective relief, and as the warden is the right defendant whether Harrison proceeds via Bivens (in search of an injunction) or § 2241 (in search of a conditional writ of habeas corpus), we do not pursue the question further.
 
 
 3
 Is Harrison entitled to prospective relief? The district court thought not, because the prison already has a policy of separating smokers from nonsmokers. The policy is imperfectly enforced, and the ventilation system recirculates air from one portion of the prison to another, but the existence and general enforcement of this prison's policy defeats the mental-state component of an eighth amendment claim. It is impossible to say that the prison intends to harm Harrison and others like him, when it has been generally successful in separating smokers from nonsmokers (as Harrison's own experience shows) and there is no evidence that particular prisoners have been singled out for nonenforcement. See Farmer v. Brennan, 511 U.S. 825, 839-40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Wilson v. Seiter, 501 U.S. 294, 298-300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Steading v. Thompson, 941 F.2d 498 (7th Cir.1991). Because Harrison cannot succeed on the subjective element of an eighth amendment claim, we need not discuss the objective element.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)