Hurley v. Messinger                    CV-97-13-SD    08/17/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Thomas Stephen Hurley, Jr.


_____v.                                Civil No. 97-13-SD


Lance Messinger;
Paul McAuliffe;
Roman Aquizap


O R D E R


In this civil action under 42 U.S.C. § 1983, plaintiff

Thomas S. Hurley, Jr.,  alleges that the defendants, officials at

New Hampshire State Prison (NHSP), refused to admit him into the

Intensive Sexual Offender Program (SOP) at NHSP in violation of

the Eighth Amendment.  Currently before the court are defendants'

motion for summary judgment, plaintiff's motion to compel

discovery, and plaintiff's motion for appointment of counsel.

The background of the case is set forth in Magistrate Judge

Muirhead's Report and Recommendation dated May 12, 1997 (document

9), and will not be repeated here.


1.  Defendants' Motion for Summary Judgment[1] (document 20)

---

[1]Plaintiff objects to defendants' motion for summary
judgment.  Defendants move to strike plaintiff's objection as
untimely and deficient.  Local Rule 7 provides that objections to
a motion for summary judgment must be filed with 30 days of the
motion or be deemed waived.  Although plaintiff's objection was

### a. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 327 (1st Cir. 1996). The court's function at this stage is not to "'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Savs., 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

The moving party has the burden of establishing the lack of a genuine issue of material fact. See Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986). The court views the record in the light most favorable to the nonmoving party, granting all inferences in favor of the nonmoving party. See Caputo v. Boston Edison Co., 924 F.2d 11, 13 (1st Cir. 1991).

To survive summary judgment, the nonmoving party must make a "showing sufficient to establish the existence of [each] element in that party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), and cannot merely rely on allegations or denials within the pleadings. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (citing Anderson, supra, 477 U.S. at 256),

---

not timely, Local Rule 1.3(b) provides that "[t]he court may excuse a failure to comply with any local rule whenever justice so requires." In accordance with that rule, the violation has been overlooked, and the court has considered plaintiff's objection.

<u>cert. denied</u>, 511 U.S. 1018 (1994). Conclusory allegations and hearsay are disregarded, <u>Sheinkopf v. Stone</u>, 927 F.2d 1259, 1262 (1st Cir. 1991), and the response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed. R. Civ. P.

### b. Eighth Amendment Claim

Hurley alleges that defendants violated the Eighth Amendment by refusing to allow his participation in the SOP rehabilitation program. The Eighth Amendment's prohibition of cruel and unusual punishment is violated when a prison official is deliberately indifferent to an inmate's serious mental health needs. <u>Torraco v. Maloney</u>, 923 F.2d 231, 234 (1st Cir. 1991); <u>Cortes-Quinones v. Jimenez-Nettleship</u>, 842 F.2d 556, 560 (1st Cir.), <u>cert. denied</u>, 488 U.S. 823 (1988). Deliberate indifference requires that the prison official actually "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Deliberate indifference "has both an objective component (was there a sufficiently serious deprivation?) and a subjective component (was the deprivation brought about in wanton disregard of the inmate's rights?)." <u>DesRosiers v. Moran</u>, 949 F.2d 15, 18 (1st Cir. 1991). <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).

The First Circuit is hesitant "to find deliberate indifference to a serious medical need 'where the dispute concerns not the absence of help, but the choice of a certain

3

course of treatment.'"  Torraco, supra, 923 F.2d at 234 (quoting Sires v. Berman, 834 F.2d 9, 13 (1st Cir. 1987)).  It is not within a judge's province to decide when and how much mental health care should be provided to an inmate; rather, a presumption of correctness should be attached to the professional judgment of those providing treatment.  See Cameron v. Tomes, 990 F.2d 14, 18 (1st Cir. 1993).

In the present case, plaintiff does not meet the objective or subjective components of deliberate indifference.  First, prison officials have not deprived Hurley of a serious mental health need.  There is no evidence suggesting that Hurley faces a serious risk to his health that could be ameliorated by treatment.  See Bailey v. Gardebring, 940 F.2d 1150, 1155 (8th Cir. 1991) ("Absent a reliable medical diagnosis of some serious mental illness that can be alleviated . . . by some known treatment, prisoners have no constitutional right to state-provided psychiatric treatment"), cert. denied, 503 U.S. 952 (1992).

Secondly, plaintiff has not produced evidence to show that "the defendants had a culpable state of mind and intended wantonly to inflict pain."  DesRosiers, supra, 949 F.2d at 19; see Wilson, supra, 501 U.S. at 298; Steading v. Thompson, 941 F.2d 498, 500 (7th Cir. 1991), cert. denied, 502 U.S. 1108 (1992).  Prison officials admitted Hurley to the SOP on several occasions.  However, due to his failure to cooperate and abide by the conditions for participation, prison officials terminated his

4

participation. They have reassessed Hurley for participation in the SOP periodically, but the director of the SOP has recommended that he not be readmitted into the program until he refrains from disciplinary infractions for at least six months. Treatment is available for plaintiff, but he must meet the criteria for entry into the SOP. This court finds no evidence in the record to support a finding of deliberate indifference to Hurley's mental health needs, and accordingly will grant summary judgment.

## 2. Plaintiff's Motion for Discovery (document 22)

Given the disposition of defendants' motion for summary judgment, plaintiff's motion to compel discovery is moot.

## 3. Plaintiff's Motion for Appointment of Counsel (document 23)

Plaintiff requests appointment of counsel in this matter for the second time. The court initially denied his request because Hurley failed to demonstrate exceptional circumstances justifying appointment of counsel. See Order of May 23, 1997. The court will not reconsider this ruling.

## Conclusion

For the aforementioned reasons, defendants' motion for summary judgment (document 20) is granted. Plaintiff's motion to

appoint counsel (document 23) is denied, and his motion for discovery (document 22) is denied as moot.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 17, 1998

cc:  Thomas Stephen Hurley, Jr., pro se
     Nicholas P. Cort, Esq.