**Eanos Earl HUNT and Raymond Roger Jones, Plaintiffs–Appellants,**

**v.**

**Jeff REYNOLDS, et al., Defendants–Appellees.**

No. 91–5711.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 4, 1992.

Decided Sept. 10, 1992.

Eanos Earl Hunt, pro se.

Donald E. Spurrell (briefed), Johnson City, Tenn., for plaintiff-appellant.

Raymond Roger Jones, pro se.

Mark A. Hudson, Asst. Atty. Gen. (briefed), Office of the Atty. Gen. of Tennessee, Nashville, Tenn., for defendants-appellees.

Before: NELSON, NORRIS, and SUHRHEINRICH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

I

Eanos Earl Hunt and Raymond Roger Jones are inmates charged to the care of the Tennessee Department of Corrections. Each suffers from a variety of pre-existing medical conditions. Hunt, who is sixty-three, suffers from seizure disorder and pulmonary disease and has been diagnosed with unstable angina, coronary artery disease, triple vessel disease, and peptic ulcer disease. Jones's condition is less well-documented. However, the district court found that he suffers from heart disease. At various times in the past and at present, each has been compelled, against his expressed preference, to share a cell with a smoker. This, they claim, has aggravated their respective pre-existing medical conditions. Hunt and Jones brought this action, under 42 U.S.C. § 1983, claiming deprivation of their Eighth and Fourteenth Amendment rights and seeking monetary and injunctive relief. The district court held that they failed to establish a violation of the Eighth Amendment. We reverse and remand.

II

■ Section 1983 provides that "[e]very person who, under color of [state law] ..., subjects [another] ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Failure to provide adequate medical care violates the Eighth Amendment if the prisoner can also "show that the state defendants exhibited a deliberate indifference to his serious medical needs." *DeShaney v. Winnebago County Dep't of Soc'l Servs.*, 489 U.S. 189, 198–99 n. 5, 109 S.Ct. 998, 1005 n. 5, 103 L.Ed.2d 249 (1989). Hunt and Jones argue that their serious medical need for a smoke-free cell was ignored in violation of the Eighth Amendment. To be successful, this claim must contain both an objective component, that their medical needs were sufficiently serious, *see Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981);

*McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir.), *cert. granted*, —— U.S. ——, 112 S.Ct. 3024, 120 L.Ed.2d 896 (1992); *Steading v. Thompson*, 941 F.2d 498, 500 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1206, 117 L.Ed.2d 445 (1992), and a subjective component, that the defendant state officials were deliberately indifferent to the plaintiffs' needs, *see Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *McKinney*, 959 F.2d at 854; *Steading*, 941 F.2d at 500.

The circuits are in accord that mere exposure to Environmental Tobacco Smoke ("ETS"), without more, does not constitute a deprivation of a prisoner's Eighth Amendment rights. *See McKinney*, 959 F.2d at 854, *aff'g*, 924 F.2d 1500, 1503–04 (9th Cir.1991); *Clemmons v. Bohannon*, 956 F.2d 1523, 1528 (10th Cir.1992) (en banc); *Steading*, 941 F.2d at 500; *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989). However, those circuits that have addressed the question have accepted the possibility that a prisoner may be able to show a medical need to be placed with a non-smoking cellmate that is sufficiently serious to implicate the Eighth Amendment. *See McKinney*, 959 F.2d at 854; *Clemmons*, 956 F.2d at 1528; *Steading*, 941 F.2d at 500. As the Fifth Circuit stated, "the Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson*, 878 F.2d at 849. The issue then is whether the prisoners' pre-existing medical conditions are such that exposing them to ETS represents a serious health threat or constitutes mere discomfort.

■ The Supreme Court has consistently held that the denial of adequate medical care can violate the Eighth Amendment. *See, e.g., DeShaney*, 489 U.S. at 198–99, 109 S.Ct. at 1005. "Medical consequences of tobacco smoke do not differ from other medical problems. Prisoners allergic to the components of tobacco smoke, or who can attribute their serious medical conditions to smoke, are entitled to appropriate medical

treatment, which may include removal from places where smoke hovers." *Steading*, 941 F.2d at 500. Thus we will adhere to the position, adopted by every circuit to address the issue, that the Eighth Amendment's objective component is violated by forcing a prisoner with a serious medical need for a smoke-free environment to share his cell with an inmate who smokes.

▇ The district court did not consider the severity of Hunt's or Jones's medical condition or find that they do not suffer from serious smoke-related medical problems. Indeed, the record, particularly with respect to Hunt, indicates the contrary.[1] As such, we cannot determine whether Hunt or Jones was entitled to the medical treatment they have continually sought, the removal of smoking cellmates. Therefore, we remand the case for determination of whether the impact of ETS on the plaintiffs' medical conditions is sufficiently serious to satisfy the objective component of the Eighth Amendment.

Because the district court granted summary judgment under the objective component of the Eighth Amendment, it did not consider the subjective component, *i.e.*, whether the various defendants acted with deliberate indifference. Consequently, the record is not sufficiently developed to allow appellate review of this issue, and we do not consider it.

### III

We reverse the district court's order granting summary judgment against Eanos Earl Hunt and Raymond Roger Jones and remand for further proceedings consistent with this opinion.

---

1. We express no opinion as to whether these indications constitute admissible evidence or, if so, whether they are sufficient to preclude summary judgment on this ground.