4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith B. SMITH; Michael E. Masters; Ted Landel, on behalf
of a class of similarly situated inmates,
Plaintiffs-Appellants,
v.
Elton I. SCOTT; Denise Quarles; David Jamrog; A.D.
Palmer; Allen C. Haigh; Tony Burtovoy; Robert
Brown, Jr., Defendants-Appellees.
 No. 93-1333.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs, on behalf of a class of non-smoking inmates, appeal the dismiss of their civil rights action alleging that defendants have violated their rights under the Eighth and Fourteenth Amendments by deliberately exposing them to environmental tobacco smoke ("ETS"). Plaintiffs now move to expedite the appeal and for a preemptory reversal.
 
 
 2
 The dismissal by the district court was based upon the conclusion that Hunt v. Reynolds, 974 F.2d 734 (6th Cir.1992), requires a prisoner to allege a serious, immediate health threat from exposure to ETS in order to state a claim under the Eighth Amendment. The Supreme Court has now ruled that a prisoner states a cause of action under the Eighth Amendment by alleging that prison officials "have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 61 U.S.L.W. 4648, 4650 (U.S. June 18, 1983). Defendants' motion to dismiss plaintiffs' amended complaint, therefore, should be reconsidered.
 
 
 3
 It is ORDERED that the February 3, 1993, order dismissing this action pursuant to Rule 12(b)(6), Fed.R.Civ.P., is vacated and this action is remanded to the district court for reconsideration in light of Helling v. McKinney, supra.