9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley Lynn BROWN, Plaintiff-Appellant,
v.
Richard THORNBURGH, Attorney General of the United States;
Michael Quinlan, BOP Director; Defendants,
Jerry Williford, SE Regional Director BOP; Margaret
Hambrick, Warden F.C.I. Lexington; Kurshid Yussuf,
Associate Warden, F.C.I. Lexington; Mike Richer, Executive
Assistant Warden; Rosie Newson; Peggy Taylor, Counselor
F.C.I. Lexington; Ron Kelly, Case Manager F.C.I. Lexington,
in their individual and official capacities, Defendants-Appellees.
 No. 93-5527.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1993.
 
 1
 Before: JONES and SILER, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Shirley Lynn Brown, a pro se federal prisoner, appeals a district court judgment dismissing her complaint filed under the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Brown sued the United States Attorney General and seven federal prison officials in their individual and official capacities. Brown alleged that the defendants: 1) subjected her Brown to improper disciplinary sanctions in violation of 28 C.F.R. Secs. 541.11 and 541.15; 2) prevented her from seeking an administrative remedy in violation of her Fifth Amendment rights; 3) improperly opened her legal mail in violation of her First Amendment rights; 4) improperly confiscated her mail and other personal property in violation of her First and Fourteenth Amendment rights; and 5) were deliberately indifferent to her serious medical needs by aggravating her back problem and by exposing her to high levels of secondary smoke in violation of the Eighth Amendment.
 
 
 4
 The district court initially dismissed the Attorney General and the Director of the Bureau of Prisons, and thereafter, likewise dismissed the remaining defendants because Brown had not exhausted her available administrative remedies. On appeal, this court affirmed the district court's dismissal of the Attorney General and the BOP director, but as to Brown's claims against the remaining defendants, the panel vacated and remanded the case for further proceedings in light of McCarthy v. Madigan, 112 S.Ct. 1081 (1992) (exhaustion of administrative remedies was not required before bringing a Bivens action seeking damages).
 
 
 5
 On remand, upon review of the defendants' motion for summary judgment and Brown's response thereto, the magistrate judge recommended granting the defendants summary judgment on the merits of the claims. Over Brown's objections, the district court adopted the magistrate judge's report and recommendation, and dismissed the action.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to the defendants on the claims enumerated one, two and three above because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Brown has not established that her unit counselor improperly disciplined her after her charge had been submitted to a disciplinary hearing officer in violation of 28 C.F.R. Secs. 541.11 and 541.15. Moreover, Brown has not established that the defendants improperly opened her legal mail. See Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Lavado v. Keohane, 992 F.2d 601, 608 (6th Cir.1993).
 
 
 7
 Nonetheless, we vacate and remand the district court's judgment granting summary judgment to the defendants on Brown's First and Fourteenth Amendment claim that the defendants improperly confiscated her mail and other personal property, as it appears that the defendants did not meet their initial burden of establishing that they were entitled to summary judgment. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 247 (6th Cir.1991). The defendants have not shown that they are entitled to judgment as a matter of law for having confiscated and retained for approximately a month, ninety-three stamped envelopes addressed to United States Senators and an additional six envelopes to Senators that also had letters contained in them. It is not apparent at this stage of the litigation whether Brown received the process due her before the letters were seized and retained for a month, see Zinermon v. Burch, 494 U.S. 113, 132 (1990); nor is it apparent that this action was necessary and essential to protect a particular governmental interest, see Procunier v. Martinez, 416 U.S. 396, 413-16 (1974) overruled on other grounds, 490 U.S. 401, 413-414 (1989). We also vacate the district court's judgment to the extent it dismissed Brown's claim that the defendants were deliberately indifferent to her serious medical needs. Brown states a viable Eighth Amendment claim as she alleged that the defendants are exposing her to high levels of secondary smoke and that she has a medical need for a smoke-free environment. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992); see also Helling v. McKinney, 113 S.Ct. 2475, 2481-82 (1993). Although we are less troubled by Brown's claim that the defendants have interfered with her physical therapy for her back pain, we conclude it is best to remand both aspects of this claim for further review.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment dismissing Brown's first second, and third claims, as enumerated above, yet vacate the judgment as to the fourth and fifth claims, and remand for further consideration. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation