99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter C. EVANS, Plaintiff-Appellant,
v.
Reginald A. WILKERSON; George Voinovich; Terry L. Morris,
Supt., Defendants-Appellees.
 No. 95-4343.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1996.
 
 Before: BOGGS, NORRIS, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Walter C. Evans, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his complaint in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time this lawsuit was filed, Evans was an inmate at the Chillicothe Correctional Institute (CCI). He alleged in his complaint, that the Director of the Ohio Department of Rehabilitation and Corrections (Reginald Wilkerson), the Governor of the State of Ohio (George Voinovich), and the Superintendent of CCI (Terry Morris), violated his rights under the First Amendment by denying him access to the courts. He also alleged that the defendants violated his rights under the Eighth Amendment by: 1) exposing him to secondary smoke, asbestos and communicable diseases; 2) housing him with violent and mentally ill inmates; and 3) denying him educational and vocational programs. Evans sought only injunctive relief.
 
 
 3
 On August 17, 1994, the defendants filed a motion for judgment on the pleadings. In an order filed October 27, 1994, the district court, without specifically holding so, dismissed Evans's claim for denial of access to the courts. In an order filed March 30, 1995, the district court granted the defendants' motion to dismiss with respect to Evans's claim for exposure to secondary smoke and communicable diseases, his claim for being housed with violent and mentally ill inmates, and his claim for denial of educational and vocational programs. The court denied the defendants' motion to dismiss with respect to Evans's claim for inadequate fire prevention and protection measures.
 
 
 4
 On September 25, 1995, the defendants filed a motion for summary judgment on Evans's remaining claim. The matter was referred to a magistrate judge who issued a report recommending that the defendants' motion for summary judgment be granted because Evans had been transferred from CCI. Despite Evans's objections, the district court adopted the magistrate judge's report and recommendation in an order filed November 16, 1995. Judgment was entered that same date. This timely appeal followed.
 
 
 5
 Initially, we note that the district court considered exhibits Evans submitted with his response to the defendants' motion for judgment on the pleadings. Because the district court considered matters outside the pleadings, the judgment is construed as having granted summary judgment for the defendants. See Fed.R.Civ.P. 12(c); Dempsey v. Atchison, Topeka and Santa Fe Ry. Co., 16 F.3d 832, 835-36 (7th Cir.), cert. denied, 115 S.Ct. 82 (1994).
 
 
 6
 Upon review, we conclude that judgment in favor of the defendants on Evans's access to the courts claim was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Evans has made no claim that he has been actually prejudiced in his access to the courts. See Lewis v. Casey, 1996 WL 340797, at * 5 (U.S. June 24, 1996); Kensu v. Haigh, 1996 WL 332869, at * 3 (6th Cir. June 19, 1996). He has not alleged that he has sustained any prejudice in a pending litigation. Thus, judgment in favor of the defendants was properly granted.
 
 
 7
 Judgment was also proper insofar as Evans claimed that the law library's typewriters are "inadequate and antiquated." Since inmates are not prejudiced by the filing of handwritten documents, there is no constitutional requirement that inmates have access to typewriters to prepare pleadings and briefs. Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir.1978) (per curiam).
 
 
 8
 Upon further review, we conclude that the district court properly dismissed Evans's Eighth Amendment claims as Evans undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). There is no constitutional right to vocational or educational program in prisons. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Further, Evans presents solely subjective feelings as a basis for his alleged fear of violence from violent and mentally ill inmates. He has not alleged that any threats or attacks have been made against him, only that he is in fear for his safety and well-being by being housed in close proximity to these inmates. See Walsh v. Mellas, 837 F.2d 789, 793-94 (7th Cir.), cert. denied, 486 U.S. 1061 (1988); Shrader v. White, 761 F.2d 975, 978-79 (4th Cir.1985); Martin v. White, 742 F.2d 469, 474-75 (8th Cir.1984).
 
 
 9
 Evans has not stated that he suffers from a serious medical need that would implicate the Eighth Amendment in regards to his exposure to second-hand cigarette smoke. Helling v. McKinney, 509 U.S. 25, 36 (1993); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992). Nor has he claimed that he has been exposed to tuberculosis, only "that he has been placed in an environment and 'conditions of confinement' where the spread of tuberculosis is fostered, present and known to the Defendants." Evans's allegation of an Eighth Amendment violation in this regard is wholly conclusory and fails to specify any incident which shows an "unnecessary and wanton infliction of pain" sufficient to state a claim for relief under § 1983. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). Therefore, Evans's conditions of confinement claim concerning his alleged exposure to cancer-causing agents and communicable diseases was properly dismissed.
 
 
 10
 Finally, summary judgment was proper insofar as Evans alleged that he was subjected to cruel and unusual punishment because CCI had inadequate fire prevention and protective systems. Evans sought injunctive and declaratory relief against the defendants for numerous conditions at CCI. The defendants have shown that Evans was transferred to another prison. A transfer to another prison moots a prisoner's request for injunctive and declaratory relief. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Lavado, 992 F.2d at 605. The record reveals that Evans is no longer incarcerated at CCI, but is now incarcerated at the Pickaway Correctional Institution at Orient, Ohio. There is no indication that the conditions of which Evans complained are capable of repetition yet evading review. See Preiser, 422 U.S. at 402-03. His claim for injunctive relief on this claim is thus moot.
 
 
 11
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation