**Winfred WHITE, Plaintiff–Appellant,**

v.

**Wayne W. STINE; Kenneth Epps; Bill Martin, Defendants–Appellees.**

No. 00–2260.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

Winfred White, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, White sued multiple prison officials contending that they violated his Eighth Amendment rights by exposing him to environmental tobacco smoke (ETS). Upon de novo review of a magistrate judge's report, the district court dismissed the complaint as frivolous and for failure to state a claim.

On appeal, White argues that his complaint should not have been dismissed and that his exposure to cigarette smoke establishes an Eighth Amendment violation.

The district court's judgment is reviewed de novo. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (dismissal of a complaint as frivolous is reviewed de novo).

The district court properly dismissed the complaint for failure to state a claim. White alleged that he was a non-smoker. Upon arrival at the correctional facility on January 27, 1999, prison officials placed him in a housing unit with 120 other inmates. White stated that eighty percent

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

of the prisoners smoked day and night, exposing him to ETS. White alleged that he was subject to health risks as a result of his exposure to ETS and that prison officials have done nothing to prevent prisoners from smoking in the housing units. However, with his complaint, White attached a February 1999 memorandum from the assistant deputy warden which explicitly states that smoking was prohibited inside prison buildings, including housing units. The memorandum also stated that prisoners caught smoking would be subject to extra duty and continued violations would be met with more severe sanctions.

White has not established an Eighth Amendment violation. A viable Eighth Amendment claim has a subjective component, *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir.1992), which requires a plaintiff to prove that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official may be liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970. The Eighth Amendment also has an objective component which requires a plaintiff to establish that he has a serious medical problem requiring a smoke free environment, *Hunt*, 974 F.2d at 735–36, or that the level of ETS in the prison creates an unreasonable risk of serious damage to his future health. *See Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

White's complaint establishes that prison officials have not disregarded the risk of ETS to White's future health. The documents which White attached to his complaint establish that the prison has a non-smoking policy and that prison officials will discipline prisoners who violate the policy. Thus, prison officials have not been deliberately indifferent to the risk of ETS and have taken reasonable measures to abate it. *See Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. The defendants' actions do not constitute a deliberate indifference to White's health. *Id.*

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.