**King E. GREEN, Jr., Plaintiff–Appellant,**

v.

**William MARTIN, et al. Defendants–Appellees.**

**No. 00–2391.**

United States Court of Appeals, Sixth Circuit.

Aug. 22, 2001.

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

### ORDER

This pro se Michigan state prisoner appeals a district court's grant of summary judgment in favor of the defendants and dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and declaratory relief, King E. Green, Jr. sued the Director of the Michigan Department of Corrections (William Martin), the warden of Michigan's Ryan Correctional Facility (David Smith), the assistant deputy warden at the facility (Scott Nobles), a resident unit manager (Felipe F. Perea), and an assistant resident unit manager (Catherine Grant) for Housing Unit 500, in their official and individual capacities.

Green, who is a non-smoker, claimed that: 1) the defendants violated prison operating procedures and his rights under the Eighth Amendment because they exposed him to unreasonable levels of second-hand smoke in prison; 2) defendants Martin and Smith allow "highly addictive" tobacco products to be sold in the prison stores; 3) defendants failed to intervene in his situation once they were made aware of the dangers; 4) defendant Grant continually transferred him to cells with smokers; and 5) his continued housing with smokers created an atypical and significant hardship, and violated his constitutional liberty interest to be free from secondary cigarette smoke.

The magistrate judge recommended that summary judgment be granted in favor of the defendants and that Green's complaint be dismissed. The district court adopted the magistrate judge's report and recommendation over Green's objections. In his timely appeal, Green reasserts that the defendants violated his Eighth Amendment rights by exposing him to unreasonable levels of environmental tobacco smoke (ETS). Green does not, however, reassert his claim regarding a liberty interest to be free of secondary smoke.

Initially, we note that Green has abandoned his "liberty interest" claim. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

On appeal, this court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887

(6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).

■■■■ Upon review, we conclude that the district court properly granted summary judgment in favor of defendants. A viable Eighth Amendment claim has objective and subjective components. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the injury be serious, *see Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter,* 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Subjectively, a plaintiff must prove that defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847, 114 S.Ct. 1970. With respect to the objective component, it was incumbent upon Green to establish that he has a serious medical need for a smoke-free environment, *see Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992), or that, regardless of health, the level of ETS in the prison creates an unreasonable risk of serious damage to his future health. *See Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

The defendants presented evidence that they were not deliberately indifferent to Green's exposure to second-hand smoke. The defendants averred that no smoking is allowed in the prison's buildings or housing units, the policy is enforced, the policy calls for disciplinary sanctions if violated, and that when informed of Green's complaints, defendant Grant took immediate remedial measures. Thus, the prison authorities' current attitudes and conduct reflect a "zero tolerance" for smoking in the housing units, and adoption of the no smoking policy bears heavily on the inquiry into deliberate indifference. *Helling,* 509 U.S. at 36. Imperfect enforcement of the policy by defendants does not equate to deliberate indifference on their part. *See Franklin v. District of Columbia,* 163 F.3d 625, 636 (D.C.Cir.1998). The defendants also presented evidence that they were not deliberately indifferent to Green's ETS exposure because Green was moved five times at his request.

In light of the foregoing, Green was required yet failed to present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In addition, the defendants are entitled to a judgment as a matter of law because Green offered no evidence that he has a serious medical need for a smoke-free environment. With respect to Green's future health, the adoption and enforcement of the prison-wide no smoking policy makes it very difficult to demonstrate that the defendants are ignoring the possible dangers posed by exposure to ETS. *See Helling,* 509 U.S. at 36–7.

The defendants are also entitled to a judgment as a matter of law with respect to Green's second claim. Green claims that defendants Martin and Smith allow

"highly addictive" tobacco products to be sold in the prison stores, and have thus failed to prevent his exposure to harmful second-hand smoke. Given the overall policy prohibiting smoking in the prison and its enforcement, Green's claim is meritless.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation of July 14, 2000, as adopted by the district court.