Charles WILSON, also known as Willie Wilkins, Plaintiff–Appellant,

v.

Tony COOPER, Dr. Gerald Stipanuk, Defendants–Appellees.

No. 01–5519.

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2001.

Before NELSON, CLAY, and GARWOOD,* Circuit Judges.

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

## ORDER

Charles Wilson, also known as Willie Wilkins, a Tennessee citizen, appeals pro se a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wilson filed this action against employees of the Shelby County, Tennessee, jail, alleging that he had not been receiving his prescribed medication for prostate enlargement while detained there. The district court held a hearing, at which Wilson presented testimony and the defendants produced his medical records. The district court found that Wilson had been receiving the medication that had been prescribed for him, and accordingly dismissed the complaint as frivolous.

On appeal, Wilson admits that he has been receiving the medications clonidine and minipress, but argues that this medication is for high blood pressure, and not for his prostate condition.

A complaint is properly dismissed as frivolous where it lacks an arguable basis in law or fact. *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). We conclude that this complaint was properly dismissed under this standard. Wilson admits that he has been receiving the medications as indicated by his medical records. He apparently simply does not understand that these medications are prescribed to treat both high blood pressure and his prostate condition. The complaint therefore lacks an arguable

basis in fact, as well as in law, as Wilson has not demonstrated a serious deprivation of a medical need. See *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). Accordingly, the district court's dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.