**William HAREN, Plaintiff–Appellant/Cross–Appellee,**

v.

**SUPERIOR DAIRY, INC., Defendant–Appellee/Cross–Appellant,**

**Local 113, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers, Defendant–Appellee.**

Nos. 00–3720, 00–3755.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

* The Honorable Will Garwood, Circuit Judge, United States Court of Appeals for the Fifth

Before MARTIN, CLAY, and GARWOOD,* Circuit Judges.

CLAY, Circuit Judge.

Plaintiff/Cross–Appellee, William Haren, appeals from the district court orders denying Plaintiff's motion for leave to amend his complaint and granting the motions to dismiss filed by Defendant/Cross–Appellee, Superior Dairy, Inc. ("Superior"), and Defendant, Local 113, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers ("Local 113"). Upon review, we VACATE the district court's orders and REMAND the entire case for further proceedings consistent with this opinion.

Plaintiff filed a five-count complaint against Defendants on March 18, 1999, alleging: (1) breach of collective bargaining agreement ["CBA"] and duty of fair representation under 29 U.S.C. § 185; (2) intentional infliction of emotional distress under Ohio common law; (3) negligent infliction of emotional distress under Ohio common law; (4) civil conspiracy under Ohio common law; and (5) violation of Ohio's whistleblower statute under Ohio Rev.Code § 4113.51. Defendant Superior filed a motion to dismiss the complaint on

Circuit, sitting by designation.

May 28, 1999, and Defendant Local 113 filed a motion to dismiss and/or a motion for more definite statement on June 18, 1999. Plaintiff responded to both motions to dismiss and filed a motion for leave to file an amended complaint on July 21, 1999. Defendant Superior filed its response on July 28, 1999, while Defendant Local 113 filed a motion to dismiss on September 2, 1999, which was denied as moot when Local 113 was dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(a)(2) on October 5, 1999.

Thereafter, in a marginal entry order on October 25, 1999, the district court, without citing any reasons, denied Plaintiff's motion for leave to amend. The district court then granted Defendants' respective motions to dismiss without prejudice in an opinion and order on April 27, 2000. Specifically, the district court dismissed the first count of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b), finding that Plaintiff had not alleged sufficient facts to waive exhaustion of the grievance procedures available under the CBA between Defendants Superior and Local 113. Having dismissed the federal claim, the district court declined to exercise jurisdiction over Plaintiff's pendent state claims and dismissed them as well. After Plaintiff timely filed his notice of appeal on May 30, 2000, Defendant Superior cross-appealed on the issue of preemption of Plaintiff's state-law claims.

We find that the district court abused its discretion in denying Plaintiff's motion for leave to amend his complaint because he has the right to amend as a matter of course under Federal Rules of Civil Procedure 15(a). See *Perkins v. American Elec. Power Fuel Supply*, 246 F.3d 593, 604 (6th Cir.2001). Moreover, there is no indication in the record that a copy of the CBA was before the district court when it denied Plaintiff's motion for leave to amend his complaint and granted Defendants' respective motions to dismiss. Because a copy of the CBA was not in the record, we are not in a position to review the merits of the case. *Hunt v. Reynolds*, 974 F.2d 734, 736 (6th. Cir.1992) ("[T]he record is not sufficiently developed to allow appellate review of this issue, and we do not consider it.").

In view of the inappropriate procedural posture of this case, we therefore VACATE the district court' orders and REMAND the entire case, including the pendent state claims, so that the district court, upon submission of a copy of the CBA, may properly reevaluate Plaintiff's claim of breach of the CBA and duty of fair representation.