Danny Ray THOMAS, Plaintiff–
Appellant,

v.

Don WEBB, Health Administrator; F.J.
Holland; Staff Members, Mental
Health; Mary Rutherford; Donald
Boatright, Dr.; Molly O'Toole, Dr.,
Defendants–Appellees.

No. 01–6257.

United States Court of Appeals,
Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER,
Circuit Judges; and STEEH, District
Judge.*

*ORDER*

Danny Ray Thomas, a Tennessee state
prisoner, appeals pro se the judgment for
defendants in a civil rights action he filed
pursuant to 42 U.S.C. § 1983. This case
has been referred to a panel of the court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Thomas filed this action against several
employees of the Tennessee Department
of Corrections, as well as two physicians
who contract to provide medical services to
inmates. He alleged that he did not re-
ceive proper care for kidney stones and
stress disorder. All but the two physi-
cians were dismissed as defendants, and
these remaining two defendants moved for

---

* The Honorable George Caram Steeh, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

summary judgment, supported by the records of medical treatment offered Thomas. A magistrate judge recommended that the motion be granted, and the district court adopted this recommendation over the objections filed by Thomas, entering final judgment for defendants. Thomas reiterates his claims regarding his medical treatment as to the two physician defendants in his brief on appeal.

Initially, it is noted that Thomas has not raised any issue with regard to the non-physician defendants who were dismissed from the action at earlier stages. Therefore, any issue which might have been raised regarding those dismissals has been abandoned and will not be addressed in this appeal. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

We conclude that the summary judgment for the two physician defendants must be affirmed, as review of the record shows that there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 250 (6th Cir.1994).

In order to state a claim of an Eighth Amendment violation based on inadequate medical care, Thomas was required to show that defendants were deliberately indifferent to his serious medical needs. *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). Thomas showed that he suffered from kidney stones and stress disorder, which are serious medical needs. However, he was also required to show that defendants were deliberately indifferent to those needs, to the point of showing disregard for excessive risks to his health. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The evidence in this case showed that the kidney stone condition was treated with pain relievers, including tylenol, darvocet, bactrim, and motrin. Thomas was also pre-scribed HCTZ to reduce his calcium levels. Further treatment included catheterization and diet management, including the elimination of dairy products and advice to drink more water. Regarding his stress disorder, the records show that Thomas was taking Xanax when he was first incarcerated. The psychiatrist initially planned to reduce his Xanax prescription and eventually replace it with Ativan, but, after learning of a history of substance abuse by Thomas, she decided not to prescribe Ativan, and instead encouraged Thomas to deal with his stress through counseling, including grief counseling and crisis management counseling. Although Thomas points out that there was no AA program available, he does not mention whether these other counseling options were available or whether he took advantage of them. Thomas believes that he should have received stronger medications for both his kidney stone pain and his stress disorder. However, he failed to show that in treating him, defendants were deliberately indifferent to an excessive risk to his health. At most, defendants' treatment decisions could be argued to have been negligent, but medical malpractice is insufficient to state a claim of an Eighth Amendment violation. *Durham v. Nu'Man,* 97 F.3d 862, 868 (6th Cir.1996).

For the above reasons, the judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.