John W. WILCOX, Plaintiff–Appellant,

v.

Virginia LEWIS; Flora J. Holland,
Defendants–Appellees.

No. 02–5053.

United States Court of Appeals,
Sixth Circuit.

Sept. 13, 2002.

Before SILER, DAUGHTREY, and
GILMAN, Circuit Judges.

John W. Wilcox, a Tennessee prisoner
proceeding pro se, appeals the district
court order granting summary judgment
to the defendants in this civil rights action
brought under 42 U.S.C. § 1983. This
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief, Wilcox sued
Tennessee Governor Don Sundquist, Ten-
nessee Department of Correction (TDOC)
Commissioner Donal Campbell, DeBerry
Special Needs Facility (DSNF) Warden
Flora J. Holland, DSNF Warden Virginia
Lewis, and DSNF Deputy Warden Gil
Mathis. Wilcox alleged that the defen-
dants violated his rights under the Eighth
Amendment by exposing him to environ-
mental tobacco smoke (ETS). Wilcox also
moved for a temporary restraining order
(TRO). The district court held an eviden-
tiary hearing and denied the motion. The
court also dismissed Wilcox's claims
against Sundquist, Campbell, and Mathis
as frivolous. The remaining defendants,
Holland and Lewis, moved for summary
judgment. The magistrate judge recom-
mended granting the motion. The district
court adopted the magistrate judge's re-
port over Wilcox's objections and dis-
missed the case.

In his timely appeal, Wilcox argues that: (1) he was denied fair disposition of his case; (2) he was denied the use of an expert witness; (3) a retaliatory transfer impaired his ability to litigate the case; (4) the defendants were not entitled to qualified immunity; (5) the district court should have granted his motion for a TRO; and (6) the district court erred by granting summary judgment to the defendants because both sides had requested a jury trial. Wilcox has also moved for the appointment of appellate counsel.

Initially, we note that Wilcox does not argue that the district court erred by dismissing his claims against Sundquist, Campbell, and Mathis. Accordingly, he has waived that issue. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). We also note that an order ruling on a motion for a TRO is not appealable. *Office of Pers. Mgmt. v. American Fed'n of Gov't Employees, AFL–CIO*, 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985). Thus, we need not address Wilcox's argument regarding his motion for a TRO.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. According to Wilcox's complaint and his testimony at the TRO hearing, he was exposed to cigarette smoke while incarcerated at DSNF and believed that ETS contributed to his colon cancer. He submitted articles linking smoking to colon cancer and second-hand smoke to lung cancer. Wilcox was diagnosed with cancer of the rectum and colon in 1998. Dr. Kuzor of the Nashville Memorial Hospital treated Wilcox with surgery, chemotherapy, and radiation. Dr. Kuzor recommended that Wilcox be housed in a smoke-free environment while receiving chemotherapy. Wilcox eventually underwent a total colectomy.

Wilcox testified that inmates smoked in a hall of the prison medical center and in prohibited areas of Unit 15–A of the DSNF. Inmates in 15–A are only permitted to smoke in their cells and in the yard, and each cell has a separate intake and exhaust ventilation system. When Wilcox refused chemotherapy and radiation after his colectomy, he was transferred to the South Central Correctional Facility. By that time, the medical center at DSNF was a smoke-free facility, and if Wilcox had agreed to the recommended treatment he would have remained there. Dr. Battaglia, a doctor at DSNF, acknowledged that smoking can cause colon cancer in the smoker. He further testified, however, that second-hand smoke was not responsible for causing or exacerbating any of Wilcox's medical problems, and that Wilcox had no medical need for a smoke-free environment. Holland and Lewis testified that they had no reason to believe that Wilcox needed a non-smoking environment.

The defendants were entitled to summary judgment because Wilcox did not establish either the objective or the subjective components of an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Although there is no dispute that Wilcox suffers from a serious medical condition, he presented no evidence that ETS had anything to do with that condition. Even if there were a link between ETS and colon cancer, it is undisputed that neither Holland nor Lewis were aware that Wilcox had a serious medical need for

a smoke-free environment. *See Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). Finally, given the ventilation system and housing practices at DSNF, Wilcox did not show that the level of ETS in the prison created an unreasonable risk of serious damage to his future health. *See Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In sum, Wilcox failed to present evidence on which the jury could reasonably find for him. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We have considered Wilcox's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we deny Wilcox's motion for the appointment of counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.