**George C. SWANER, Jr.,**
**Plaintiff–Appellant,**

**v.**

**Roger HAILEY; Dan Rudd; Alan Miller, Defendants–Appellees.**

No. 02–5272.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before MARTIN, Chief Circuit Judge, NELSON, and GILMAN, Circuit Judges.

### ORDER

George C. Swaner, Jr., a Tennessee resident, appeals pro se a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Swaner filed this action while incarcerated at the Rutherford County Correctional Work Center (the workhouse). The named defendants were the superintendent of the workhouse, the city manager, and a doctor employed to care for inmates of the workhouse. Swaner alleged that he had not received medical treatment for a skin condition he contracted while working at a landfill during his incarceration in late 1998. The district court granted Swaner pauper status, but dismissed the complaint as frivolous with regard to the defendant doctor. A magistrate judge then held an evidentiary hearing at which Swaner testified regarding the facts underlying his complaint. He stated that he broke out in a rash all over his body the day after Thanksgiving. He saw the nurse that same day, who arranged for him to be seen by the doctor within the week following, and on a number of occasions subsequently. The doctor prescribed various medications, none of which was effective. Swaner requested to see a dermatologist in January 1999, five days before he was due to be released. His request was denied. After his release, he was reincarcerated in late 1999, at which time he was referred to a dermatologist who diagnosed folliculitis and prescribed medication which seemed to alleviate his problems. At the time of the hearing Swaner was incarcerated at a different jail facility, and he testified about problems with receiving the medication there. Following the hearing, the magistrate judge issued a report concluding that Swaner had failed to state a claim. Over Swaner's objections, the district court adopted the magistrate judge's report and dismissed the complaint.

This court reviews de novo dismissals pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). De novo review of the record in this case reveals that the complaint was properly dismissed for failure to state a claim, as Swaner could prove no facts which would entitle him to relief. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir.1993).

In order to state a claim of an Eighth Amendment violation based on the denial of medical treatment, Swaner was required to establish that defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251

(1976); *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). Swaner's testimony at the evidentiary hearing showed that he was seen by the doctor on a number of occasions and various medications were tried. He was not sent to a dermatologist on his first request because he was due to be released in five days. However, when he was subsequently reincarcerated, he was referred to a dermatologist and was given additional medication. His later problems with receiving medication at a different jail were not the responsibility of these defendants. Rather than showing deliberate indifference, Swaner's testimony showed that he received medical attention for his needs.

Therefore, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.