Maurice TAYLOR, Plaintiff–Appellant,

v.

P. BOOT, et al., Defendants–Appellees.

No. 02–1683.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

### ORDER

Maurice Taylor, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Taylor sued four prison officials (Boot, Wells, Singleton, and Berghuis) at Brooks Correctional Facility. Taylor essentially asserted that the defendants exhibited deliberate indifference to his health in violation of the Eighth Amendment by celling him with a series of smokers. Upon its initial screening of the complaint, the district court sua sponte dismissed the complaint for failure to state a claim and also noted that Taylor had not alleged exhaustion of administrative remedies. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

In his timely appeal, Taylor reasserts his claim and moves for miscellaneous relief.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

In his complaint, Taylor alleged that he suffers from chronic high blood pressure and takes a number of medications for that condition. Nonetheless, when he arrived at the prison on May 23, 2001, he was celled with a smoker. Boot agreed to transfer him, but ultimately placed him with another smoker. Taylor then complained to Lewis, who forwarded the complaint to Wells. Taylor was moved a second time on June 13, 2001, but was placed again with a smoker. Because the defendants did not place him with a non-smoker, Taylor asserted that the defendants exhibited deliberate indifference to his health.

The Eighth Amendment proscribes the "unnecessary and wanton infliction of pain." *Knop v. Johnson,* 977 F.2d 996, 1012 (6th Cir.1992) (citations omitted). A viable Eighth Amendment claim has objective and subjective components. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the pain be serious, and the subjective component requires that the offending conduct be wanton. *Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter,* 501 U.S. 294, 297–300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). For claims challenging the conditions of confinement, wantonness is equivalent to deliberate indifference. *Wilson,* 501 U.S. at 302–03, 111 S.Ct. 2321. A prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 837–47, 114 S.Ct. 1970. Mere negligence will not suffice. *Id.* at 835–36, 114 S.Ct. 1970. In the context of an inmate's "secondhand smoke" claim, the plaintiff must establish that he

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

has a serious medical need for a smoke-free environment, *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992), or that, regardless of health, the level of environmental tobacco smoke in the prison creates an unreasonable risk of serious damage to his future health. *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

Taylor failed to state a claim. Even if it is assumed that Taylor's high blood pressure constitutes a serious medical need for a smoke-free environment, the defendants were not deliberately indifferent to that need, but responded reasonably to it. By Taylor's own admission, the defendants twice transferred him to another cell when he complained that his cellmate smoked. Furthermore, the Michigan Department of Correction (MDOC) prohibits smoking inside of all occupied buildings, including prisoner housing units, and subjects violators of that policy to disciplinary action. *See* MDOC Policy Directive 01.03.140. Imperfect enforcement of the policy shows, at most, negligence by the defendants, rather than deliberate indifference. *See Scott v. District of Columbia,* 139 F.3d 940, 944 (D.C.Cir.1998).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.