Larry HALLIBURTON, Plaintiff–
Appellant,

David BASS;  Terry Teal, Plaintiffs,

v.

Don SUNQUIST;  Donal Campbell;
Eric Qualls;  Fred Raney,
Defendants–Appellees.

No. 02–6016.

United States Court of Appeals,
Sixth Circuit.

March 11, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

## ORDER

Larry Halliburton, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Halliburton and two other inmates incarcerated at the Northwest Correctional Complex (NCC) filed a complaint naming Governor Don Sunquist, Tennessee Department of Correction Commissioner Donal Campbell, Security Threat Group Coordinator Eric Qualls, and Warden Fred Raney. The prisoners alleged that the conditions of confinement at NCC violated the Eighth Amendment through the threat of attack by prison gang members, overcrowding, exposure to second-hand tobacco smoke, and insufficient medical care. They also sought certification as a class action under Fed.R.Civ.P. 23. The district court screened the complaint, denied class action status, and dismissed the complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2). The court held that Halliburton failed to allege any injury and could not seek relief from theoretical future harm. Halliburton filed a notice of appeal.

In his appeal, Halliburton argues that the district court erred by: (1) finding that he did not exhaust his administrative remedies before filing suit; and (2) failing to reach the merits of his allegations.

██ Initially, we note that Halliburton has waived the issue of class certification under Fed.R.Civ.P. 23 because he did not raise it on appeal. See Enertech Elec., Inc. v. Mahoning County Comm'rs, 85 F.3d 257, 259 (6th Cir.1996).

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court properly dismissed the complaint for failure to state a claim.

██ Although Halliburton's allegations implicate the Eighth Amendment, he did not allege that any of the potential dangers he identified actually caused him any harm. Halliburton claimed that the defendants exposed him to the danger of attack by other inmates, but did not identify any specific threat or claim that he actually was attacked. See Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993). Halliburton alleged that the prison housed twice as many inmates as intended because of double-celling, but double-celling, by itself, does not violate the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 347–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Nor did Halliburton allege that he was denied basic human needs such as food, warmth, or sanitation by virtue of the allegedly overcrowded conditions. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Rhodes, 452 U.S. at 347–48. Halliburton complained about exposure to tobacco smoke, but did not allege that he had a serious medical need for a smoke-free environment, see Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992), or that the level of environmental tobacco smoke created an unreasonable risk of serious damage to his future health. See Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Finally, he alleged that medical care at NCC was inadequate, but did not claim that he suffered from any serious medical condition or that the de-

fendants failed to treat him. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Halliburton's argument that the district court erred by holding that he did not exhaust his administrative remedies is without merit. Exhaustion of administrative remedies does not need to be considered where the complaint fails to state a claim upon which relief can be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). Because the district court properly dismissed Halliburton's complaint for failure to state a claim, exhaustion of administrative remedies is not dispositive.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.