**Jeff A. UTLEY, Plaintiff–Appellant,**

**v.**

**Donal CAMPBELL, Commissioner, et al., Defendants–Appellees.**

**No. 03–5529.**

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

Jeff A. Utley, Nashville, TN, for Plaintiff-Appellant.

John H. Sinclair, Jr., Nashville, TN, for Defendant-Appellee.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

## ORDER

Jeff A. Utley, a Tennessee state prisoner, appeals pro se the summary judgment for defendants in a civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Utley filed this complaint against a number of employees of the Tennessee Department of Corrections, alleging denial of proper medical care and denial of due process during a disciplinary hearing. He filed a motion for a preliminary injunction or temporary restraining order seeking to be transferred to a different prison and to have medical testing and surgery performed. Specifically, Utley claimed that he had been scheduled to have a cyst removed from his wrist. However, a nurse was unable to draw blood prior to the surgery on the first attempt. She also did not allow Utley to inspect the packaging of the needle prior to opening it, leading him to claim that she had purposely infected him with HIV and hepatitis in retaliation for grievances filed against her. On a later occasion, Utley refused to allow the nurse to draw his blood, and the surgery was therefore cancelled. Utley demanded that a different nurse draw his blood and that he be allowed to confirm that the needle used was factory-sealed. He also demanded to be tested for HIV and hepatitis.

The district court denied the motion for a preliminary injunction, noting that Utley had not served the defendants, and that he had shown little likelihood of success on the merits of his claim. Utley moved for reconsideration of this order, which the district court denied, noting that the request for transfer had become moot as Utley had been transferred in the meantime. Utley also moved several times to amend his complaint. The district court granted the first motion, allowing Utley to add the costs of the lawsuit to his demand for damages, but denied the second motion to amend and a third motion to supplement the complaint. Defendants moved for summary judgment, and Utley responded. The district court granted the motion and entered judgment for defendants.

On appeal, Utley argues that the district court erred in denying his motion for injunctive relief and his motions to amend the complaint. He also asserts that the district court should not have granted the motion for summary judgment prior to the expiration of the scheduled discovery period. Finally, he reasserts the merits of his claims.

Upon review, we conclude that the summary judgment for defendants must be affirmed, as the record shows that there is no genuine issue of material fact and defendants were entitled to judgment as a matter of law. *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 250 (6th Cir.1994).

Initially, no abuse of discretion is apparent from the district court's denial of

Utley's motion for injunctive relief. *Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 (6th Cir.1991). The district court properly noted that Utley had failed to serve the defendants, and therefore was not entitled to relief. Moreover, review of the motion on the merits also failed to support Utley's request. The district court concluded that Utley had little likelihood of success on the merits of his claim; he also would not suffer irreparable injury if he consented to treatment without his demands of specifying the medical personnel involved and inspecting the packaging of the instruments used, or if he were not tested for infections to which there was no indication he had been exposed; nor was there any public interest to be served. *See Parker v. U.S. Dep't of Agric.,* 879 F.2d 1362, 1367 (6th Cir.1989). Finally, the district court correctly concluded, in denying Utley's motion for reconsideration of the denial of injunctive relief, that the request for a transfer to a different facility had become moot, where Utley had been transferred subsequent to the filing of the motion.

No abuse of discretion occurred in the denial of Utley's second and third motions to amend and supplement the complaint. *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995). The district court properly noted that Utley had not exhausted his administrative grievances of the claims he sought to add until after this case was filed, and therefore they could not be appended to this litigation. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999).

Utley's argument that summary judgment should not have been granted prior to the expiration of the discovery period is also without merit. Defendants filed their motion for summary judgment in September 2002, and Utley responded. The district court did not enter judgment until April 2003, at which point little time remained in the period originally designated for discovery. Utley had the burden of seeking a postponement of the ruling, and showing what discovery was necessary prior to the ruling. *Emmons v. McLaughlin,* 874 F.2d 351, 356–57 (6th Cir.1989). Absent an affidavit pursuant to Fed.R.Civ.P. 56(f) by Utley, or a motion for additional discovery below, this court need not address the claim that summary judgment issued without sufficient discovery. *Plott v. General Motors Corp.,* 71 F.3d 1190, 1195–97 (6th Cir.1995).

Finally, the record shows that there was no material issue of fact on the merits of Utley's claims, and that defendants were entitled to judgment as a matter of law. In order to state a claim under the Eighth Amendment, Utley was required to show that defendants were deliberately indifferent to his serious medical needs. *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). Utley did not show that defendants were deliberately indifferent to his need for surgery, as they scheduled surgery and planned to perform it until Utley's demands required it to be cancelled. Nor did Utley show that he had any serious medical need to be tested for HIV or hepatitis, where he had only his own unusual accusation to support his allegation that he had been exposed to those diseases. In order to state a claim of a denial of due process during his disciplinary hearing, Utley was required, and failed, to show that he had been subjected to an atypical and significant hardship. *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.