**Wavie JOHNSON, Plaintiff–Appellant,**

**v.**

**John R. HEMINGWAY, Warden; Medical Staff of Milan Correctional Institution, Defendants–Appellees.**

No. 02–1284.

United States Court of Appeals, Sixth Circuit.   o

Sept. 20, 2002.

* The Honorable Thomas A. Wiseman, Jr., Unit-

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and WISEMAN, District Judge.*

*ORDER*

Wavie Johnson, a federal prisoner, appeals pro se a district court order dismissed States District Judge for the Middle Dis-

ing his civil rights action, filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking the injunctive relief of a transfer to a different prison, and $25 million, Johnson filed a complaint against the warden of the Milan Correctional Institution and unnamed medical staff of that institution. He alleged that he had fallen and injured his neck and back in April, 1999, and had not received proper medical treatment thereafter. The injury allegedly caused a number of symptoms, including bleeding, difficulty swallowing, and dry skin. Johnson stated that he had been seen by prison medical personnel on numerous occasions, and had been prescribed medication, undergone X-rays and MRIs, and had been sent to outside orthopedic specialists. The record also showed that in May, 2001, Johnson had a mass on his spine removed, which may have been related to the initial injury. Defendants filed a motion to dismiss or for summary judgment, which a magistrate judge recommended be granted, concluding that Johnson had failed to state a claim of an Eighth Amendment violation. In lieu of filing objections to the magistrate judge's report, Johnson filed a motion for a stay of the proceedings in order to obtain an attorney. The district court concluded that a stay would not alter the outcome of the case, and adopted the magistrate judge's recommendation to dismiss the complaint for failure to state a claim.

trict of Tennessee, sitting by designation.

On appeal, Johnson continues to argue that he is not receiving proper medical care and requires injunctive relief in the form of a transfer to an institution where he can receive appropriate treatment. Defendants argue that the dismissal of the complaint should be affirmed for the reason stated by the district court, and also because Johnson failed to exhaust his administrative rememies, as required by 42 U.S.C. § 1997e(a).

■■■ Initially, we note that, because Johnson failed to file objections to the magistrate judge's report and recommendation, he has waived his right to appeal. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Even excusing this failure, it is clear that the complaint was properly dismissed for failure to state a claim. The facts as alleged by Johnson do not entitle him to the relief requested. *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

In order to state a claim under the Eighth Amendment, Johnson was required to show that defendants were deliberately indifferent to his serious medical needs. *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). In this case, Johnson was unable to articulate what he believed defendants should be doing differently, or why he believed better treatment would be available elsewhere, when it was apparent from his own pleadings that he had been given extensive attention for his medical complaints. Nothing was alleged which would entitle Johnson to the relief he requested.

We need not address defendants' alternative argument for affirmance, that Johnson failed to exhaust his administrative remedies. The district court did not rely on this ground, and the failure of the complaint to state a claim permitted dismissal

without requiring exhaustion. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 n. 2 (6th Cir.2001).

Accordingly, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.